NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES ANDREW LAWRENCE, Jr., | No. 23-35234 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00299-LK |
| v. | |
| STAR PROTECTION AGENCY LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Submitted November 5, 2024**
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

James A. Lawrence, Jr. ("Lawrence") appeals the district court's grant of

Star Protection Agency LLC's ("Star Protection") summary judgment motion.

Lawrence alleges that the district court erred when it determined that Lawrence

had failed to demonstrate a genuine issue for trial for his claims under the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Americans with Disabilities Act ("ADA") and Washington Law Against Discrimination ("WLAD"). He also argues that the district court erred when it granted summary judgment on his related state law claims for breach of contract and negligence. We review a grant of summary judgment de novo and view the evidence in the light most favorable to Lawrence, the non-moving party. *Dark v. Curry Cnty.*, 451 F.3d 1078, 1082 n.2 (9th Cir. 2006). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court.

1.  To prove a failure to accommodate claim under the ADA and WLAD, a plaintiff must show, *inter alia*, that he can perform the essential functions of the employment position he holds. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 989 (9th Cir. 2007) ("A qualified individual is an individual with a disability who, *with or without reasonable accommodation,* can perform the *essential functions* of the employment position that such individual holds or desires." (quotation marks omitted) (quoting 42 U.S.C. § 12111(8))); *Davis v. Microsoft Corp.*, 70 P.3d 126, 131–32 (Wash. 2003) (en banc). For an interactive process claim, a plaintiff must show the existence of a facially reasonable accommodation that would allow him to perform the essential functions of the position. *Dark*, 451 F.3d at 1088; *cf. Gibson v. Costco Wholesale, Inc.*, 488 P.3d 869, 878 (Wash. Ct. App. 2021). To be a mobile patrol officer, Lawrence needed to be able to work mandatory overtime. Lawrence knew this was an essential function of the

2

position. However, Lawrence could not perform this essential function even if Star Protection provided him with a reasonable accommodation.

2.  Discrimination and retaliation claims under the ADA and WLAD are governed by the burden-shifting framework articulated in *McDonnell Douglas, Corp. v. Percy Green*, 411 U.S. 792 (1973). *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014); *Cornwell v. Microsoft Corp.*, 430 P.3d 229, 234 (Wash. 2018) (en banc). Lawrence's discrimination and retaliation claims fail because Star Protection had a legitimate explanation for terminating Lawrence, namely his multiple violations of company policy. Nothing in the record indicates that Star Protection's legitimate explanation for terminating Lawrence was a pretext for discrimination or retaliation.

3.  Both the ADA and WLAD allow for hostile work environment claims. *See Mattioda v. Nelson*, 98 F.4th 1164, 1173–74 (9th Cir. 2024); *Robel v. Roundup Corp.*, 59 P.3d 611, 615–16 (Wash. 2002) (en banc). To prevail on a hostile work environment claim, a plaintiff must show "that he was subjected to harassment because of his disability, and that the harassing conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Mattioda*, 98 F.4th at 1174 (quotation marks omitted) (quoting *Manatt v. Bank of Am.*, *N.A.*, 339 F.3d 792, 798 (9th Cir. 2003)); *see Robel*, 59 P.3d at 616. Lawrence fails to demonstrate that he suffered

23-35234

from any form of harassment that affected the terms or conditions of his employment.

4.     Lawrence has not stated a cognizable legal theory to support his state law claims. He has not identified any contract condition that Star Protection violated or duty the company breached.

**AFFIRMED.**